IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIV. ACTION No. 13-cv-499

| | |
|---|---|
| NORTH CAROLINA INDIAN CULTURAL CENTER, INC., <br><br> Plaintiff, <br><br> v. <br><br> STATE OF NORTH CAROLINA and NORTH CAROLINA DEPARTMENT OF ADMINISTRATION, <br><br> Defendants. | VERIFIED COMPLAINT <br><br><br> JURY TRIAL REQUESTED |

## INTRODUCTION

1. Plaintiff, North Carolina Indian Cultural Center, Inc., brings this action against Defendants, the State of North Carolina and North Carolina Department of Administration for violation of the Contracts Clause of the United States Constitution, the Bill of Attainder prohibition of the United States Constitution, for taking without just compensation and denial of due process, in violation of the Fifth Amendment to the United States Constitution, made applicable to the State by the Fourteenth Amendment to the United States Constitution, and its equivalent provisions of the North Carolina Constitution.

2. Plaintiff seeks declaratory and injunctive relief and/or, in the alternative, a determination of compensation owed to Plaintiff for the taking.

3. All Exhibits to this Complaint are incorporated herein by reference as if fully set out.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over the parties and subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1343.

5. The Court has supplemental jurisdiction over the claims raised pursuant of the Constitution and laws of the State of North Carolina pursuant to 28 U.S.C. § 1367.

6. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

7. Plaintiff, North Carolina Indian Cultural Center, Inc., is a non-public, nonprofit corporation duly organized and existing under the laws of the State of North Carolina, with its principal offices in Maxton, Robeson County, North Carolina.

8. Defendant State of North Carolina (the "State") is a State of the United States of America and, as such, is subject to the Constitution of the United States and the Constitution of North Carolina.

9. Defendant North Carolina Department of Administration (the "Department") is an executive agency in the government of the State, whose Secretary is appointed by the Governor of the State of North Carolina.

## FACTUAL ALLEGATIONS

10. On May 12, 1994, the State, pursuant to legislation enacted by the North Carolina General Assembly ("General Assembly"), Subsection (a) of Section 18 of Chapter 1074 of the 1989 Session Laws, as amended by subsection (e) of Section 22 of Chapter 900 of the 1991 Session Laws, Section 1 of Chapter 88 of the 1993 Session Laws, Section 33 of Chapter 561 of the 1993 Session Laws, and Section 1 of Session Law 1997-41, and Session Law 2001-89

(Exhibit A), entered into a 99-year Ground Lease ("Ground Lease") with Plaintiff for control of some 419 acres of land. Exhibit B.

11. The Ground Lease was entered into reach one of the stated goals "for the development of the North Carolina Indian Cultural Center [("Indian Cultural Center")] on the land . . . ." Exhibit C.

12. Plaintiff, and its officers, board members, agents and volunteers, have expended enormous sums of money over the years to maintain and improve the property that comprise the Indian Cultural Center property.

13. During the intervening years, Defendants have attempted on numerous occasions to interfere with Plaintiff's work of effectuating the purposes of the Ground Lease.

14. For example, on June 26, 2003, the General Assembly enacted and the Governor signed Session Law 2003-260, "An Act to Revise the Membership of the North Carolina Indian Cultural Center Board." Exhibit D.

15. Armed with this legislation, the Commission on Indian Affairs ("Commission") of the North Carolina Department of Administration attempted to substitute the members of Plaintiff's board of directors with directors of the Commission's choosing. On November 19, 2009 an Administrative Law Judge of the North Carolina Office of Administrative Hearings invalidated the Commission's actions, noting, *inter alia¸* that the Commission "has substantially prejudiced [Plaintiff's] of its property and its property rights . . . ." Exhibit E.

16. The Administrative Law Judge Decision was thereafter adopted by the Department, which ordered the Commission to cease and desist any further actions the derogation to the governing documents (Articles of Incorporation and Bylaws) of Plaintiff. Exhibit F.

17. Session Law 2003-260 was declared unconstitutional by Judge Carl Fox of the North Carolina Superior Court on February 16, 2011. Exhibit G.

18. The General Assembly enacted Session Law 2013-186, and the Governor signed said Session Law on June 26, 2013 ("Session Law 2013-186"). Exhibit H.

19. Session Law 2013-186 directs the Department to terminate the Ground Lease within 15 days of enactment, sell a portion of the property that is the subject of the Ground Lease and convey the remainder of the property to the North Carolina Department of Environment and Natural Resources, Division of Parks and Recreation.

**FIRST CLAIM FOR RELIEF— VIOLATION OF THE CONTRACTS CLAUSE**
**Article I, Section 10 of the United States Constitution**

20. The foregoing paragraphs of this Complaint are incorporated herein as if fully restated.

21. Article I, Section 10 of the United States Constitution provides: "No state shall . . . pass any . . . Law impairing the Obligation of Contracts . . . ."

22. The Ground Lease creates an obligation of contracts by the State towards Plaintiff.

23. Session Law 2013-186 impairs the State's obligation of contracts by terminating the Ground Lease without cause and in violation of the terms of the contract.

24. The State's action of terminating the Ground Lease is an impairment was not reasonable and necessary to serve an important public purpose.

25. The Ground Lease creates an enforceable contract right in Plaintiff that has been unconstitutionally impaired by the State.

26. The State's action of terminating the Ground Lease is unconstitutional as a violation of the Contract Clause of the United States Constitution.

## SECOND CLAIM FOR RELIEF— VIOLATION OF THE BILL OF ATTAINDER PROHIBITION
### Article I, Section 10 of the United States Constitution

27. The foregoing paragraphs of this Complaint are incorporated herein as if fully restated.

28. Article I, Section 10 of the United States Constitution provides: "No State shall . . . pass any Bill of Attainder . . . ."

29. Article I, Section 10 of the United States Constitution prohibits the State from enacting bills of attainder, defined as bills of pains and penalties which are legislative acts inflicting punishment on a person without a trial.

30. Session Law 2013-186 is a Bill of Attainder in that it singles out Plaintiff for punishment without a trial.

31. As such Session Law 2013-186 is unconstitutional.

## THIRD CLAIM FOR RELIEF—TAKING WITHOUT JUST COMPENSATION
### Amendments V and XIV of the United States Constitution
### Article I, Section 19 of the Constitution of North Carolina

32. The foregoing paragraphs of this Complaint are incorporated herein as if fully restated.

33. Amendment V of the Constitution of the United States provides in pertinent part "nor shall private property be taken for public use, without just compensation."

34. Amendment V of the Constitution of the United States is made applicable to the State by Amendment XIV of the Constitution.

35. Article I, Section 19 of the Constitution of North Carolina provides in pertinent part "No person shall be . . . in any manner deprived of his life, liberty, or property, but by the law of the land."

36. The creation of Ground Lease gives a property right and a liberty right to Plaintiff.

37. The Taking Clause of the Fifth Amendment of the United States Constitution, incorporated to the State by the Fourteenth Amendment of the United States Constitution, and the Law of the Land Clause of the North Carolina Constitution require that Plaintiff's property, contractual and liberty rights created by the Ground Lease cannot be taken without a public purpose and without just compensation.

38. Session Law 2013-186 violates the Federal and State Constitutions as it fails to state a public purpose for the termination of the Ground Lease and the taking of the property.

39. Session Law 2013-186 violates the Federal and State Constitutions in that it fails to specify the just compensation to be paid to Plaintiff for the loss of the Ground Lease or specify any procedure for the determination of just compensation. Chapter 40A of the North Carolina General Statutes provides for the re-taking the property before the expiration of the Ground Lease, for a public purpose, in exchange for just compensation; however the State did not proceed pursuant to that statute. Session Law 2013-186 bypasses all statutory mechanisms and simply directs the termination of the Ground Lease and taking of the property without just compensation.

40. Session Law 2013-186 fails to state a public purpose for the taking.

41. There is no public purpose for the taking required by Session Law 2013-186.

42. Session Law 2013-186 is unconstitutional as a violation of the Taking Clause of the Fifth Amendment of the United States Constitution, incorporated to the State by the Fourteenth Amendment of the United States Constitution, and the Law of the Land Clause of the North Carolina Constitution.

# FOURTH CLAIM FOR RELIEF—DENIAL OF DUE PROCESS
## Amendments V and XIV of the United States Constitution
## Article I, Section 19 of the Constitution of North Carolina

43. The foregoing paragraphs of this Complaint are incorporated herein as if fully restated.

44. Amendment V of the Constitution of the United States provides in pertinent part "No person shall be . . . be deprived of life, liberty, or property, without due process of law . . . ."

45. Amendment V of the Constitution of the United States is incorporated to the State by Amendment XIV of the Constitution.

46. Article I, Section 19 of the Constitution of North Carolina provides in pertinent part "No person shall be . . . in any manner deprived of his life, liberty, or property, but by the law of the land."

47. Plaintiff was never given notice of any ground for termination of the Ground Lease and was never given an opportunity to be heard

48. Session Law 2013-186 provides no adversary proceeding to determine judicially, with right of appeal, whether the Ground Lease should be terminated for any reason.

49. No public hearings were held with respect to Session Law 2013-186, to provide Plaintiff with any opportunity to debate whether the Ground Lease should be terminated, for what reasons, and/or any just compensation to Plaintiff for its loss of the use of the property and the loss of its investment in time, energy, volunteer services and funds, and the loss associated with the loss of future use of the property pursuant to the Ground Lease.

50. Session Law 2013-186 is unconstitutional on its face as a violation of due process as encapsulated in the Fifth Amendment of the United States Constitution, incorporated to the

7

State by the Fourteenth Amendment of the United States Constitution, and the Law of the Land Clause of the North Carolina Constitution.

### FIFTH CLAIM FOR RELIEF—DECLARATORY JUDGMENT
### 28 U.S.C. § 2201(a)
### Rule 57 of the Federal Rules of Civil Procedure

51. The foregoing paragraphs of this Complaint are incorporated herein as if fully restated.

52. Plaintiff is entitled to a declaratory judgment that Session Law 2013-186 violates the Contract Clause, the Bill of Attainder prohibition, the Taking Clause and the Due Process Clause of the United States Constitution and the Law of the Land Clause of the North Carolina Constitution and, as such, is unconstitutional and unenforceable.

### SIXTH CLAIM FOR RELIEF—RULE 65 RELIEF

53. The foregoing paragraphs of this Complaint are incorporated herein as if fully restated.

54. Session Law 2013-186 directs the Department to terminate the Ground Lease within 15 days of enactment, sell a portion of the property and convey the remainder of the property to the North Carolina Department of Environment and Natural Resources, Division of Parks and Recreation.

55. Plaintiff has no adequate remedy at law; monetary damages are incapable of protecting Plaintiff from the loss of constitutionally protected property, contractual and liberty rights related to the Ground Lease.

56. Thus, in the absence of immediate action to preserve the *status quo ante*, imminent and irreparable harm will be inflicted upon Plaintiff.

57. For the foregoing reasons, Plaintiff requests that this Court enter a temporary restraining order, preliminary injunction, and permanent injunction enjoining the effectiveness, operation, and enforcement of Session Law 2013-186, prohibiting the State, and its agencies, agents and assigns, from assuming any authority or control over the property that is the subject of the Ground Lease, and directing that Plaintiff may continue to own, manage and operate the Indian Cultural Center and other property that is the subject of the Ground Lease.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court to enter Judgment as follows:

1. Accept this Verified Complaint as an Affidavit;

2. Enter Declaratory Judgment that Session Law 2013-186 is unconstitutional as an invalid act pursuant to Article I, Section 10 of the United States Constitution's Contracts Clause and Bill of Attainder prohibition;

3. Enter Declaratory Judgment that Session Law 2013-186 is unconstitutional as an invalid act pursuant to Amendments V and XIV of the United States Constitution as a taking without just compensation;

4. Enter Declaratory Judgment that Session Law 2013-186 is unconstitutional as an invalid act pursuant to Amendments V and XIV of the United States Constitution as a denial of due process;

5. Enter Declaratory Judgment that Session Law 2013-186 is unconstitutional as an invalid act pursuant to Article I, Section 19 of the Constitution of North Carolina as a taking without just compensation;

6. Enter Declaratory Judgment that Session Law 2013-186 is unconstitutional as an invalid act pursuant to Article I, Section 19 of the Constitution of North Carolina as a denial of due process;

7. Enter a temporary restraining order, preliminary injunction, and permanent injunction enjoining the effectiveness, operation, and enforcement of Session Law 2013-186, prohibiting the State, and its agencies, agents and assigns, from assuming any authority or control over the property that is the subject of the Ground Lease, and directing that Plaintiff may continue to own, manage and operate the Indian Cultural Center and other property that is the subject of the Ground Lease;

8. In addition to, or in the alternative to, the relief sought in Paragraphs 2 through 7 of this Prayer for Relief, Order a jury trial to determine just compensation and/or damages to be paid to Plaintiff for the termination of the Ground Lease;

9. Award to Plaintiff its cost, expenses, and fees, including reasonable attorneys' fees, pursuant to applicable statutory and common law, including N.C. Gen. Stat. §§ 6-19.1 and 6-20;

10. Direct a trial by jury on all issues so triable; and

11. Grant such other and further relief as the Court deems just and proper.

Respectfully Submitted on this the 8th day of July, 2013

/s/ David H. Harris, Jr.
David H. Harris, Jr.
Counsel for Plaintiff
Linck Harris Law Group, PLLC
2530 Meridian Parkway, Suite 300
Durham, North Carolina 27713
919-806-4220
866-274-0756 (Fax)
dharris@linckharris.com
State Bar No. 9841

# VERIFICATION

  The undersigned, being first duly sworn, deposes and says that he is the Chairperson of the Board of Directors of the North Carolina Indian Cultural Center, a North Carolina nonprofit corporation, the Plaintiff herein; that he has read the foregoing Verified Complaint and knows the contents thereof; that the allegations set forth in the same are true and of his own knowledge, except for those allegations set forth upon information and belief, and as to those allegations, he believes them to be true.

                /s/ Signature on File
                Kenneth Preston Hall

  Signed and sworn to before me this day by Kenneth Preston Hall.

Date: July 8, 2013

                /s/ Signature and Stamp on File
                Notary Public

*(Official Seal)*

                _____
                Notary Public's Printed Name

 My commission expires: _____

11

Case 5:13-cv-00499-BO   Document 1   Filed 07/08/13   Page 11 of 11