IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-499-BO

| | |
|---|---|
| NORTH CAROLINA INDIAN | ) |
| CULTURAL CENTER, INC., | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| STATE OF NORTH CAROLINA and | ) |
| NORTH CAROLINA DEPARTMENT OF | ) |
| ADMINISTRATION, | ) |
| Defendant. | ) |

O R D E R

This cause comes before the Court following a hearing on plaintiff's motion for temporary

restraining order and preliminary injunction before the undersigned on August 22, 2013, at

Raleigh, North Carolina. On August 23, 2013, the Court held in abeyance its consideration of

plaintiff's request for preliminary injunctive relief in light of its concerns regarding its subject

matter jurisdiction over the instant dispute. Plaintiff has responded to the Court's order, and the

matters are now ripe for ruling.

## BACKGROUND

Plaintiff (NCICC or plaintiff) is a private, non-profit corporation that in 1994 entered into

a ninety-nine-year ground lease with the State for approximately 419 acres of land near Maxton,

North Carolina for the sum of $1.00 per year. The land was acquired by the State for the

development and construction of the Indian Cultural Center. The lease terms provide, *inter alia,*

that the land must be maintained and improved at no cost to the State, that NCICC shall construct

the Indian Cultural Center in accordance with a design plan, that NCICC shall maintain multiple

types of insurance coverage on the property, that the State shall retain a right to ingress and egress

to and from an adjacent parcel containing a golf course, and that any default or breach by NCICC "shall constitute good cause whereby the [State] shall have the right, if it so elects, to terminate this agreement and end its operation on any day by first giving not less than sixty (60) days written notice to [NCICC]," provided NCICC has an opportunity to cure the breach and fails to do so.

On June 26, 2013, the governor signed N.C. Session Law 2013-186 that directs the Department of Administration to terminate the ground lease with NCICC within fifteen days of enactment. On July 8, 2013, NCICC filed this action alleging that in passing Session Law 2013-186 defendants violated the Contracts Clause of the United States Constitution, the prohibition on Bills of Attainder, and the Due Process clause of the United States and North Carolina Constitutions and that Session Law 2013-186 constitutes a taking under the Fifth and Fourteen Amendments and in violation of the North Carolina Constitution.

On July 10, 2013, a notice of termination letter was sent to NCICC which provided that the ground lease shall terminate sixty days from the date of the letter. On July 31, 2013, defendants moved to dismiss this action for lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted. NCICC filed a motion for preliminary injunctive relief under Rule 65 of the Federal Rules of Civil Procedure on August 12, 2013.

## DISCUSSION

Because defendant has challenged the Court's subject matter jurisdiction and plaintiff has had an opportunity to respond, the Court considers first defendant's motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the

2

motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

NCICC contends that, but for the enactment of N.C. Session Law 2013-186, this matter would indeed be solely a contract dispute governed by state law and properly brought in the state courts of North Carolina. The asserted bases for jurisdiction in this Court, however, are NCICC's claims that Session Law 2013-186 violates several provisions of the United States Constitution, thereby invoking this Court's federal question jurisdiction. 28 U.S.C. § 1331. While NCICC is correct to contend that the well-pleaded complaint rule ordinarily governs to determine whether jurisdiction in this Court is proper, where subject matter jurisdiction has been challenged and where a claim made to invoke federal question jurisdiction is found to be wholly unsubstantial, dismissal under Rule 12(b)(1) is appropriate. *Bell v. Hood*, 327 U.S. 678, 682 (1946); *see also Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009).

The Court has identified several areas of concern relating to its jurisdiction to consider the instant dispute. First, while the Supreme Court has recognized an implied right of action under, for example, the Fourth Amendment of the United States Constitution, *see Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), by enacting 42 U.S.C. § 1983 "Congress . . . created a federal cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.'" *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 755 (2005). The constitutional claims encompassed by the § 1983 cause

3

of action are numerous and diverse. *Wilson v. Garcia*, 471 U.S. 261, 273 (1985). NCICC has failed to allege any of its constitutional claims pusuant to § 1983. Second, insofar as plaintiff's constitutional claims must be brought under § 1983, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983" and are therefore not subject to suit. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Howlett v. Rose*, 496 U.S. 356, 365 (1990) ("*Will* establishes that the State and arms of the State . . . are not subject to suit under § 1983 in either federal court or state court."). Additionally, regarding NCICC's Contracts Clause claim, this circuit has held that "an attempted § 1983 action alleging state impairment of a private contract will not lie" and that dismissal of the same under 12(b)(1) is appropriate. *Crosby v. City of Gastonia*, 635 F.3d 634, 641 (4th Cir. 2011).

Third, while the Eleventh Amendment does not bar suits against state *officials* for prospective injunctive relief to prevent ongoing violations of federal law, *Ex Parte Young*, 209 U.S. 123, 159-60 (1908); *see also Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004), NCICC has sued only the State and a state agency, not any state officials. The Eleventh Amendment, raised as a defense by defendants at the hearing, therefore bars NCICC's claims for prospective injunctive relief. Fourth, NCICC seeks money damages from the State for its actions, but "it is well settled that the Eleventh Amendment bars a suit by private parties to recover money damages from the state or its alter egos acting in their official capacities." *Huang v. Bd. of Governors of Univ. of N. Carolina*, 902 F.2d 1134, 1138 (4th Cir. 1990).

In light of the foregoing, NCICC has failed to satisfy its burden to show that subject matter jurisdiction lies in this Court or that its claims made to invoke subject matter jurisdiction are not wholly unsubstantial. Dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure

4

is therefore appropriate.

## CONCLUSION

For the reasons discussed above, defendants' motion to dismiss [DE 12] is GRANTED.

Plaintiff's request for relief under Rule 65 of the Federal Rules of Civil Procedure [DE 14] is

DENIED AS MOOT. The clerk is DIRECTED to close the file.

SO ORDERED, this __30__ day of *August*, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

Case 5:13-cv-00499-BO   Document 25   Filed 08/30/13   Page 5 of 5